## Baldwin *against* Patton.

B made a voluntary assignment of his property and effects to trustees for the benefit of his creditors, and by the deed directed them to give public notice of the assignment, and to pay such creditors as would release the assignor within sixty days after notice. The trustees having sold and transferred all the property and effects to P, who had been their agent and attorney, he collected and received the same: B, upon the allegation that the trustees had never given the notice required by the deed, and that none of the creditors had released, treated the deed as à nullity, and brought an action for money had and received against P:—*Held*, that he could not recover.

ERROR to the common pleas of *Bradford* county.

Ethan Baldwin against William Patton. *Assumpsit.*

On the 1st December 1826, Ethan Baldwin, the plaintiff, made a voluntary assignment of all his estate, real, personal, and mixed, to James S. Espy, George Nagle, and George Beatty, for the benefit of certain preferred creditors: the deed contained the following clause: "The trustees, or any two of them, who are hereby empowered to act in all cases, will give public notice of this assignment, and all persons who shall not within sixty days after such notice execute an absolute release, to one or more of my said trustees, of all demands against me whatsoever, shall have no interest in the fund hereby created, which condition will be inserted in the public notice." The schedule annexed to the deed exhibited real and personal property, consisting of judgments, and a mortgage in Bradford county, to the amount of several thousand dollars. The trust was accepted by the assignees.

On the 20th December 1832, the three trustees sold and transferred all the property and effects, which they derived under the deed in Bradford county, to William Patton, in consideration of 200 dollars.

The plaintiff alleging that the trustees had never given notice of the assignment as required by the deed; and that no one of his creditors had ever released him, so as to entitle them to the benefit of the deed of assignment, treated it as a nullity, and brought this action for money had and received against William Patton, to recover the money which he had collected, as the attorney and agent of the trustees, as well as by virtue of the transfer to him by the trus-

tees; and on the trial he offered to prove the receipt of several judgments and claims of Ethan Baldwin against several individuals to the amount of 1000 dollars and upwards; and gave the evidence. The court, however, suggested that the action could not be maintained.

The plaintiff requested the court to charge the jury upon the following points:

1. That the deed to the trustees contained a condition precedent, which they must perform before any title vested in them.

2. That until some one creditor released, according to the conditions of the deed, there could be no *cestui que trust*, and consequently no trustee.

3. That no person could claim any interest in the fund intended to be created by the said deed of assignment, until he had released agreeably to its conditions.

4. That the sale of the trustees to their own agent or attorney is against the policy of the law, calculated to encourage fraud, and therefore illegal and void, and that the plaintiff has a right to interfere and set it aside, being the only person who has a legal interest in the estate conveyed.

5. That the attorney of the trustees could not buy the trust fund as a speculation, no more than the trustees themselves, or one of them; and that if he did, he must, at all events, account to the *cestui que trust*, or the person having the real interest in the fund, for every thing, after paying the purchase-money, more especially if there were more than that amount in his hands, or subject to his control, at the time he made the purchase.

6. That a trustee can in no case sell the trust-fund, or part of it, to himself, his co-trustee, his agent or attorneys, or to any other person acting in his employ, without the *consent of the other persons* beneficially interested in the fund; and any one so interested, has a right to impeach the sale and set it aside.

7. That the defendant in this case could acquire no right in the fund beyond the amount paid, if all the previous proceedings had been legal and fair, as he could not hold the double character of agent and attorney, for the trustees, *cestui que trust*, and that of a stranger, to the trust-fund at the same time.

8. That if the trustee, or his attorney, purchase the trust estate, or any other estate, with the trust-fund or money in his hands, the whole profit of the purchase, after deducting the money paid, goes to the *cestui que trust*, and not to the purchaser, though the purchase be made in his own name.

9. That though a stranger cannot question the legality of a sale made by a trustee, yet the *cestui que trust*, or beneficiary, may, in the hands of any one, except those of a *bona fide* purchase without notice.

*Conyngham*, President, without answering the points particularly, instructed the jury that the plaintiff had not exhibited a case

x.—f*

[Baldwin v. Patton.]

which entitled him to recover, and directed them to find for the defendant.

*Baldwin*, for plaintiff in error, cited 7 *Serg. & Rawle* 510; 10 *Serg. & Rawle* 439; 1 *Whart. Dig.* 207; 5 *Peters' Cond. Rep.* 479; 2 *Wheat.* 63, 257; 1 *Watts* 533; 2 *Kent's Com.* 392; 7 *Watts* 413; 8 *Watts* 21.

*Williston*, for defendant in error, cited 4 *Watts* 410; 1 *Wharton* 408; 19 *Serg. & Rawle* 226; 2 *Dall.* 262.

The opinion of the court was delivered by

SERGEANT, J.—The plaintiff is the assignor under a voluntary assignment, and brings this action of assumpsit for money had and received against the defendant, who was the attorney for the assignees, and also a purchaser from them, of all their interest in the county of Bradford.  The plaintiff alleges that the defendant procured from the assignees a transfer of the property in Bradford county for the sum of 200 dollars, when in fact it was worth a great deal more money; and offered to prove that, since the purchase of the property, besides money received before, as attorney for the assignees, he had received other large sums out of the trust-fund, amounting to 1000 dollars, beyond what he paid the assignees.

The objection raised by the defendant to the maintenance of this action, seems to us to be insuperable, whatever might be our inclination to sanction the submission of the plaintiff's allegations to a jury.   In the first place, whatever moneys the defendant received before his purchase, seem to have passed into his hands as attorney for the assignees, and afterwards in his own right, and not for the use of the plaintiff, or on his account, in any instance.   Then the remedy against the defendant, for any imposition on the assignees in his purchase, if such existed, or to call him to account for moneys obtained by these means, would seem to belong to the assignees, in whom the whole property has been vested in trust for the creditors in the first instance.   The plaintiff has no right to meddle with the property, or to bring an action for the recovery of it, or its proceeds, into whose hands soever they may come.   If the assignees refuse or neglect to perform their duty, the remedy of the plaintiff is against them, to cite them to settle their accounts, when they would be made responsible for all that was lost by their neglect to discharge their duty, or for their participation in any waste of the property. And perhaps a case might occur in which a *cestui que trust* might use the names of the assignees in a proceeding against a third person.

But the plaintiff founds his right on the allegation that the assignment did not take effect, because the assignees never gave notice under the assignment, and that the giving this notice was a condition precedent to the vesting of the estate in the assignees.   Whether

[Baldwin v. Patton.]

notice was given by the assignees or not does not appear. In a suit against them, perhaps they would be bound to prove such a fact if requisite; because, the plaintiff could not prove a negative. But in a suit against a third person, this reason does not seem to apply; the defendant being no more conusant of the notice than the plaintiff. But we do not conceive this to be a condition precedent. It would leave the property in a strange state of uncertainty, if the title remained in abeyance till the assignees chose to give notice. They could not, by refusing to give notice, defeat the rights of the creditors in the fund. It seems to be a condition subsequent, or rather a duty imposed on the assignees, by the acceptance of the trust, and for the non-performance of which they would be responsible to the *cestui que trust.* Nor can we see any thing to justify the assertion, that the trust was abandoned. On the contrary, active proceedings seem to have been had under it from time to time, as was shown by the plaintiff.

If it appeared, that the creditors were all paid, there would be more colour for the plaintiff's right, by virtue of his resulting interest, to pursue the assets in the hands of those who were accountable for them. But no evidence whatever has been given to show this. There may yet be creditors unpaid: and if there are, the funds ought to be distributed amongst them, and the plaintiff has no claim till they are satisfied.

The result of the whole case seems to be, that it is the assignees only who can collect the funds of the assignor, and are authorized to sue for them; and to them the plaintiff must look for the recovery of any surplus due to him on account of what they did receive, or might or ought to have received under the assignment.

Judgment affirmed.